CHARLES W. SCHEID, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scheid v. Commissioner
Docket No. 16631-81
United States Tax Court
T.C. Memo 1983-427; 1983 Tax Ct. Memo LEXIS 356; 46 T.C.M. (CCH) 828; T.C.M. (RIA) 83427; July 25, 1983. Charles W. Scheid, pro se. Steven Roth, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This case is before the Court on respondent's motion for summary judgment *357 filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency of $1,061 in the 1978 Federal income tax of petitioner Charles W. Scheid.We must decide, first, whether respondent has shown that there are no disputed issues of material fact, and, if so, whether respondent is entitled to judgment as a matter of law.
The substantive issue for our decision is whether petitioner may exclude from gross income that portion of his dividend and interest income which corresponds to the depreciation deduction he claims is allocable to the income-producing assets. All of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference. Petitioner Charles W. Scheid lived in Huntington Beach, California when the return and petition in this case were filed. In 1978 petitioner earned interest of $1,593 from various passbook and T-Bill accounts. He also was credited with $108 worth of interest earned on the proceeds of a stock sale. Petitioner received or was credited with $1,542 of dividend income in 1978. On his 1978 return petitioner reported no interest income whatsoever; he reported *358 only $771 in dividend income ($871 less the $100 personal exclusion), omitting some $668. Respondent determined that petitioner owed an additional $1,061 in taxes on this unreported income. Petitioner contends that the assets that produced the income in question are depreciable, and that the depreciation deduction equals the unreported income. He believes that he can produce evidence at trial to show the useful life and salvage value of the assets in question and thereby prove his case. Respondent contends that the income-producing assets are not depreciable, and that dividends and interest are taxable. He contends that all facts necessary to sustain the deficiency determination are before the Court, and concludes that we should grant his motion for summary judgment. We agree with respondent. Dividends and interest are expressly included in gross income by sections 61(a)(7) and 61(a)(4). [1] There is no specific provision for their exclusion, thus respondent correctly included the amounts in petitioner's income. Nor is petitioner entitled to offset *359 this income with a deduction for depreciation under section 167. The purpose of section 167 is to permit taxpayers to recover tax-free the cost of property that is used up in generating income; its role is analogous to the deduction for other business expenses. Bittker, Federal Taxation of Income, Estates, and Gifts, par. 23.1 (1981). Because intangible assets don't deteriorate physically, they are depreciable only if "known from experience or other factors to be of use in the business or in the production of income for only a limited period, the length of which can be estimated with reasonable accuracy." Section 1.167(a)-3, Income Tax Regs. Currency and corporate stock simply do not fall into this category. In opposition to respondent's motion petitioner argues that at trial he would introduce evidence of the useful life of the bank accounts and stock involved here. No evidence he could submit would convince us that either type of asset has a life that can be determined with reasonable certainty. Cf. United States v. Georgia Railroad and Banking Company,348 F.2d 278, 287 (5th Cir. 1965). Thus it is clear that there are no unresolved issues of material fact, *360 and that respondent is entitled to a decision as a matter of law. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩